## OHIO COURTS OF APPEALS—Continued

No. 23

### BERNARDO v. RIZZO et al

Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 9, 1923

480. EVIDENCE — Witness' Petition in another case not proper impeaching testimony.

POLLOCK, J.

#### Epitomized Opinion
First Publication of this Opinion

This action was brought in the Mahoning Common Pleas by Louis Rizzo against John Bernardo and John Handzush.

Ruzzo was standing on the southwest corner of two intersecting streets in Youngstown when defendant Handzush, operating a motorcycle westerly on one of the streets, collided with defendant Bernardo's automobile, which was proceeding south on the other street. The motorcycle was deflected in a southerly direction and ran into the sidewalk, striking and injuring plaintiff, who brought this action in the Common Pleas, alleging negligence in the conduct of each defendant. At the trial plaintiff introduced the testimony of one K. that she too was standing on the sidewalk near plaintiff and was struck by the motorcycle of Handzush. K. testified that she did not see the collision and did not see the motorcycle until it struck her. On cross-examination by Handzush she admitted that she had brought an action against Bernardo.

Her attorney was then placed on the stand by Handzush and K.'s petition was then offered in evidence and, over defendant Bernardo's objection, admitted by the court as impeaching the testimony of K. as to what she knew of the collision. Verdict was rendered against Bernardo, who brought error proceedings in this court. Held:

The admission of the contents of her petition in K.'s suit against Bernardo was error because K.'s attention was not called on the stand to any statement she had made in her petition and such foundation must be laid before any impeaching testimony can be introduced (20 O. S. 87), and because, furthermore, the contents of a petition do not constitute impeaching testimony, since the facts set forth therein are not confined to the personal knowledge of the party plaintiff. Judgment reversed.

Attorneys—L. L. George and Herman Braidmiller, Youngstown, for plaintiff; Kistler & Oesch and D. F. Rendinell, Youngstown, for defendants.

No. 24

### BENESCH v. CEDAR HEIGHTS LAND CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4617. Decided Nov. 5, 1923

1101. PERFORMANCE — Facts disclosing that plaintiff, as trustee, was not the real party in interest, held sufficient to dismiss action.

870. OPTION—Facts showing that a continuing option had become binding by an acceptance defeats specific performance.

VICKERY, J.

#### Epitomized Opinion
First Publication of this Opinion

This is an action for specific performance of a contract. Benesch was appointed trustee for the purpose of bringing suit because Dr. Rosenwasser, the real party in interest did not want to appear in the litigation. The Land Company had an option to sell the land in question until a certain date. The option was exclusive in character. No consideration was given for this option. Before its termination the defendants notified Rosenwasser that it had procured a purchaser. The trial court rendered judgment for the defendant, whereupon plaintiff appealed. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That although Benesch was not a real party in interest, and the case could be dismissed on that ground alone, yet this feature of the case was intentionally overlooked by the Court of Appeals, and the former was tried as a real party.

2. The option was a continuing offer to sell and as it was accepted before it was withdrawn or terminated, a valid contract was made, and therefore the plaintiff was not entitled to specific performance.

Attorneys—Herrick, Hopkins, Stockwell & Benesch, and Locher, Green & Woods, for Benesch; Stearns, Chamberlin & Royon, for Cedar Heights Land Company.